UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRITTNEY M. DIXON**,

    *Plaintiff*,                                           Case Number: 8:16-cv-541-T-30TGW

v.

**COLLECT SOUTHEAST, LLC**
**and LEADING EDGE SOLUTIONS LLC,**

    *Defendants*.
_____/

## FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment Against Defendant Collect Southeast, LLC (CSL). (Dkt. 11). After reviewing the motion, the relevant filings, and the applicable law, the Court concludes that Plaintiff's Motion should be granted.

## BACKGROUND

On March 7, 2016, Plaintiff brought this action against Defendants Leading Edge Solutions and CSL. Against Defendant Leading Edge Solutions, the complaint alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq*. Against Defendant CSL, the complaint alleged one violation of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et. seq*. On March 22, 2016, Plaintiff filed an Affidavit of Service swearing that on March 14, 2016, Defendant CSL was served with a copy of the summons and complaint. (Dkt. 5). To date, Defendant CSL

has not filed an answer or other responsive pleading in this case. On April 6, 2016, upon Plaintiff's Motion for entry of clerk's default (Dkt. 8), the Clerk entered a default against Defendant CSL. (Dkt. 9)

## DISCUSSION

**Default Judgment**

Plaintiff now seeks a default final judgment against Defendant CSL. Under Federal Rule of Civil Procedure 55, a court may enter a default judgment against a party who has failed to plead in response to a complaint. Such a judgment is appropriate "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Accordingly, all well-pleaded allegations of fact against that defendant will be deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Mere conclusions of law, however, will not. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A plaintiff must provide "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations omitted). A "sufficient basis" means satisfying the court that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co.*, 516 F.2d at 1206; *see also Surtain*, 789 F.3d at 1245 (concluding that, conceptually, a motion for default judgment should be treated like a reverse motion to dismiss for failure to state a claim).

When evaluating the complaint, a court must determine "whether [it] contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted)). And this plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Surtain*, 789 F.3d at 1245 (internal citations omitted).

Here, Plaintiff's complaint alleged a violation of a federal statute that authorizes a private cause of action. *See* U.S.C. § 1692k. The Court therefore has federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims against Defendant CSL. 28 U.S.C. §1331; 28 U.S.C. § 1367.

Furthermore, the complaint states a claim for relief under the FCCPA, specifically Section 559.72(9), Fla. Stat. § 559.72(9), which prohibits a debt collector from "assert[ing] the existence of some [] legal right when such person knows that the right does not exist." More specifically, the complaint alleges the following:

(1) that Defendant CSL is a "debt collector" within the meaning of the FCCPA;

(2) that in June 2008, Plaintiff incurred a debt to an original creditor, Sabal Palm Harbor Partners, which stemmed from an apartment rental in a community known as Sable Cove Apartments in Manatee County, Florida;

(3) that Sable Cove Apartments was managed, but not owned, by Concord Management, a Winter Park, Florida-based management company;

(4) that in June 2008, Sable Cove filed suit against Plaintiff in Manatee County

court, claiming she owed unpaid rent;

(5) that this debt arose from the rental of an apartment that was for personal purposes and, therefore, meets the definition of "debt" under the FCCPA;

(6) that the Sable Cove lawsuit alleged that Plaintiff failed to pay her June 2008 rent;

(7) that the date of first delinquency regarding the debt was June 2008;

(8) that sometime around April 16, 2010, Sable Cove or Concord, acting on behalf of Sable Cove, transferred the debt to Defendant CSL for collections;

(9) that sometime around the time of this transfer, Sable Cove or Concord provided Defendant CSL with information about the debt, including the date of first delinquency;

(10) that in December 2012, Defendant CSL reported the debt to TransUnion, a credit reporting agency, as an unpaid collection account with an account number of 2012403710040****;

(11) that Defendant CSL reported the original creditor as "CONCORD MANAGEMENT LTD" even though Concord was not the original creditor;

(12) that Defendant CSL reported that the date of first delinquency was April 2010 instead of June 2008; and

(13) that Defendant CSL made these misrepresentations with knowledge of their falsity.

The complaint further alleges that TransUnion purges tradelines six years and eleven months after the date of first delinquency and that the Fair Credit Reporting Act

(FCRA), 15 U.S.C. § 1681c, prohibits consumer reports containing accounts placed for collection more than seven years earlier. According to the complaint, Defendant CSL's misreported date impacted the debt's TransUnion and FCRA purge date and thus Plaintiff's credit history and rating.

These allegations, accepted as true, permit the Court to draw the reasonable inference that Defendant CSL violated the FCCPA—namely, by knowingly reporting false dates concerning the origin of Plaintiff's debt. Default judgment is appropriate and will be granted. *See Surtain*, 789 F.3d at 1245 (internal citations omitted).

**Relief**

Plaintiff seeks statutory damages, attorney and paralegal fees, and court costs.

As damages, Plaintiff does not seek actual damages, but $1,000 in statutory damages, the maximum permitted under the law. The law, however, leaves the award of statutory damages to the court's discretion. *See* Fla. Stat. § 559.77 ("additional statutory damages as the court may allow"). In evaluating the propriety of statutory damages, courts "shall consider the nature of defendant's noncompliance . . ., the frequency and persistence of noncompliance, and the extent to which the noncompliance was intentional." *Id.* Plaintiff asks for the very top end of statutory damages and yet makes no argument concerning these factors. Plaintiff asks for the very top end of statutory damages without any evidence of, or even claim to, actual damages. Plaintiff, in other words, has provided the Court with no justification for such an award. The Court will award $100 in statutory damages.

As fees, which the statute also authorizes, Plaintiff seeks $4,250—for eleven hours of attorney services rendered, at a rate of $350.00/hour; and for four hours of paralegal services rendered, at a rate of $100.00/hour. The Court finds that these rates are reasonable, as were the services rendered and the time expended in rendering them, all of which is supported by affidavits and a time and expense log. (See Dkt. 11-1). Furthermore, Plaintiff's counsel correctly left out of this calculation paralegal work that would be considered clerical. *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1378 (M.D. Fla. 2010) (citing *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). The Court will award $4,250 in attorney and paralegal fees.

As costs, Plaintiff seeks $470—$400 dollars for the district court's filing fee and $70 for a service-of-process fee. The Court will award these costs.

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Judgment Against Defendant Collect Southeast, LLC (Dkt. 11) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Plaintiff Dixon and against Defendant Collect Southeast, LLC, for the sum of $100.00 in statutory damages and $4,720.00 in attorney's fees and costs, for a total award of $4,820.00, for which sum let execution issue.

3. Within fourteen (14) days of this order's entry, Plaintiff is directed to file a Status Report informing the Court of the status of the settlement negotiations with Defendant Leading Edge Solutions, LLC, and requesting dismissal of this cause of action, if appropriate.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record